IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC JON TUELL | § | |
| | § | |
| v. | § | C.A. NO. C-09-359 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Dalhart Unit in

Dalhart, Texas. (D.E. 1). On December 22, 2009, Petitioner filed this pro se

habeas corpus petition pursuant to 28 U.S.C. § 2254, with a memorandum in

support, challenging his conviction. Id.; (D.E. 5). Pending is Respondent's motion

for summary judgment. (D.E. 15). Petitioner filed a response on April 23, 2010.

(D.E. 16). For the reasons stated herein, it is respectfully recommended that

Respondent's motion be granted, and this habeas petition be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the

inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson,

235 F.3d 959, 961-62 (5th Cir. 2002). Because Petitioner was convicted in San

Patricio County, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner formerly lived with his common-law wife Rebecca Heinsen and her daughter, H.T.  Tuell v. State, No. 13-07-141-CR, 2008 WL 5170166, at *1, 6 (Tex. App. Aug. 27, 2008) (unpublished).  On February 5, 2004, Heinsen told police that Petitioner had abused her daughter.  Id. at 2.  He was arrested, and subsequently, police came without a warrant to the house Heinsen and Petitioner shared to search for evidence.  Id.  She allowed them inside the house and a detached workshop to search and take whatever they wanted.  Id.  As part of the search, police recovered multiple video cassettes from the workshop, including a recording of H.T. and her friend, J.S., in the bathtub, as well as showing Petitioner before setting the camera in place.  (D.E. 15, at 14).

Concerning charges involving J.S., Petitioner was indicted on August 9, 2005 in San Patricio County, Texas for one count of aggravated sexual assault of a child and three counts of indecency with a child.  Clerk's Record, Vol. I of I, at 2. He was also prosecuted in a separate trial for charges concerning H.T., but the trial concerning J.S. forms the basis for this petition.  (D.E. 15, at 17).  Before trial, Petitioner's attorney, John Gilmore, moved to suppress the video recording on grounds of an illegal seizure, Clerk's Record, Vol. I of I, at 31-33, but that motion was denied.  Tuell, 2008 WL 5170166 at *1.  Additionally, the prosecution filed,

2

and the trial court granted, a motion in limine to limit any reference at trial to the verdict of Petitioner's previous trial concerning H.T., which was an acquittal. Clerk's Record, Vol. I of I, at 35. There was also an agreement between the parties that evidentiary rulings from the trial concerning H.T. would be upheld in this trial. (D.E. 15, at 15). Among these rulings, the video recording was deemed admissible as having probative value outweighing any prejudicial effect. Id. At trial, the video was shown to the jury. Reporter's Record, Vol. 3 of 5, at 61. Additionally, J.S. testified that Petitioner assaulted her in his house repeatedly when she visited H.T. Reporter's Record, Vol. 3 of 5, at 82-92. One such time was when Petitioner had set up the camera to record the girls in the shower, and he took J.S. from the bathroom to another room and molested her. Id.

On February 8, 2007, a jury in the 36th Judicial District Court of San Patricio County, Texas found Petitioner guilty of all four counts and assessed punishments of sixteen years of imprisonment for the aggravated sexual assault of a child count, and six years for each count of indecency with a child, as well as fines for all. Clerk's Record, Vol. I of I, at 67-70. On appeal, attorney Joel Thomas challenged Petitioner's conviction to the Texas Thirteenth District Court of Appeals claiming that the trial court erred in denying his motion to suppress, and that there was not factually sufficient evidence to support his convictions.

Tuell, 2008 WL 5170166 at *1.  The appeals court affirmed his conviction on August 27, 2008.  Id.  On October 28, 2008, he filed a petition for discretionary review in the Texas Court of Criminal Appeals, but that was denied on February 4, 2009.  Id.  Subsequently, he filed a state petition for habeas corpus on May 26, 2009 claiming that the trial court erred by allowing prejudicial evidence to be admitted and by denying him the opportunity to present a complete defense, and that he received ineffective assistance of appellate counsel.  Ex parte Tuell, WR-72,286-01, at 6-55.  That petition was denied on July 8, 2009 without written order.  Id. at cover sheet.

## III.  DISCUSSION

Petitioner avers that he was denied effective assistance of appellate counsel when his attorney failed to raise a claim on appeal that the trial court abused its discretion by improperly admitting irrelevant and prejudicial evidence.  (D.E. 1, at 7).  He also asserts that he was denied the opportunity to present a complete defense when the trial court prevented him from cross-examining a prosecution witness concerning a "false impression" made by his testimony.  Id.  Respondent asserts that Petitioner's claims are without merit.  (D.E. 15, at 10-23).

## A.     The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas

corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations

omitted).  Summary judgment is appropriate when there is no disputed issue of

material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(c).  Courts must consider the record as a whole, including all pleadings,

depositions, affidavits, interrogatories and admissions on file, in the light most

favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451

(5th Cir. 2002).

The party seeking summary judgment bears the initial burden of

demonstrating an absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings,

depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986);

Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence

must be viewed in the light most favorable to the non-movant, and all reasonable

doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife

Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation

omitted).  The non-movant cannot merely rest on the allegations of the pleadings,

but must establish that there are material controverted facts in order to preclude

summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the

non-movant fails to make a showing sufficient to establish the existence of an

element essential to his case on which he bears the burden of proof.  Celotex, 477

U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir.

1995) (citations omitted).

**B.    Petitioner's Claims Are Without Merit.**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or
>        involved an unreasonable application of, clearly
>        established Federal law, as determined by the
>        Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an

6

> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

### 1.     Petitioner did not receive ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a state prisoner

seeking federal habeas corpus relief bears the burden of showing that (1) counsel's

performance was deficient, and (2) the deficient performance prejudiced the

defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  This test applies to

claims concerning either trial or appellate counsel.  Ries v. Quarterman, 522 F.3d

517, 531 (5th Cir. 2008) (citations omitted).  In order to show counsel's

performance was deficient, the petitioner must show that "counsel made errors so

serious that counsel was not functioning as the 'counsel' guaranteed the defendant

by the Sixth Amendment."  Id.  The petitioner must demonstrate that counsel's

representation fell below an objective standard of reasonableness as measured by

prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th

Cir. 1998) (citations omitted).

Counsel's challenged conduct should be evaluated from the perspective of

counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the

difficulties inherent in engaging in this analysis without being tainted by "the

distorting effects of hindsight," a court's review should be highly deferential to counsel. Id. at 689. The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment. Id. at 690; accord Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989).

The second prong of the Strickland two-part test is the actual prejudice prong. Petitioner may not simply allege, but must affirmatively prove, prejudice. Id. at 693. Thus, he must affirmatively show how the actions of his counsel deprived him of a fair trial. See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance) (citations omitted).

Petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). As the Fifth Circuit has firmly established, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue. Miller v.

Johnson, 200 F.3d 274, 281-86 (5th Cir. 2000).  The Miller court further held that

"'[i]n the absence of a specific showing of how these alleged errors and omissions

were constitutionally deficient, and how they prejudiced [petitioner], ... we [can

find] no merit to these claims.'"  Id. at 282 (quoting Barnard v. Collins, 958 F.2d

634, 642 (5th Cir. 1992)).

Petitioner has the burden of proof in a habeas proceeding attacking the

effectiveness of counsel.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

He must demonstrate that his counsel's representation was unreasonable, and that

he suffered actual prejudice.  Id. (citation omitted).  The Fifth Circuit has held that

"[t]he failure to prove either deficient performance or actual prejudice forecloses

an ineffective assistance claim."  Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir.

1998).  A court may dispose of an ineffective assistance of counsel claim by

showing the petitioner failed to meet either prong; it is not necessary for the court

to address both prongs.  Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) (citations

omitted).

Petitioner alleges his appellate counsel was deficient because he did not

raise a claim on appeal that the trial court abused its discretion by improperly

admitting irrelevant and prejudicial evidence.  The objective standard of

reasonableness does not require appellate counsel to "raise every nonfrivolous

9

ground of appeal available." United States v. Williamson, 183 F.3d 458, 462 (5th

Cir. 1999) (citation omitted).  Rather, the appellate attorney's task is to "examine

the record with a view to selecting the most promising issues for review." Jones v.

Barnes, 463 U.S. 745, 752 (1983); see also Ellis v. Lynaugh, 873 F.2d 830, 840

(5th Cir. 1989) (appellate counsel did not provide ineffective assistance by failing

to raise every nonfrivolous claim because he had instead decided to raise the six

strongest arguments for appeal).  "[A] reasonable attorney has an obligation to

research relevant facts and law, or make an informed decision that certain avenues

will not prove fruitful." Williamson, 183 F.3d at 462 (citing Strickland, 466 U.S.

at 690-91).  "Solid, meritorious arguments based on directly controlling precedent

should be discovered and brought to the court's attention." Id. at 463.

Furthermore, an attorney is not required "to raise every 'colorable' claim" that his

client suggests, Jones v. Barnes, 463 U.S. at 754, and generally, if the attorney

ignores some of those suggested claims, his performance will be presumed to be

effective unless the "'ignored issues are clearly stronger than those presented.'"

Diaz v. Quarterman, 228 F. App'x 417, 427 (5th Cir. 2007) (per curiam)

(unpublished) (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)).[1]

---

[1] Petitioner does not additionally allege that he suggested this claim to his attorney, so an analysis of whether it would have clearly been stronger than the claims actually presented is unnecessary. See Diaz, 228 F. App'x at 427.

While Petitioner's appellate counsel did not raise the specific claim he now suggests, counsel did raise claims that the trial court erred in denying the motion to suppress the video recording, and that there was insufficient evidence to support the conviction.  Brief of Appellant, at 7-15.  He did this after examining the trial record and selecting those claims most promising in his professional opinion.  As part of that process, he declined to raise the claim that Petitioner now suggests should have been raised, and the Court must treat his decisions with great deference when looking back in hindsight.  See Strickland, 466 U.S. at 690.  It is not as if appellate counsel failed to construct an appeal at all.  Rather, he constructed the most effective one he thought possible.

Furthermore, it appears that Petitioner's would-be abuse of discretion claim was extremely weak.  He claims the video recording was both irrelevant and prejudicial, and should have been excluded from evidence as such.  However, there was an agreement between the parties to adopt the evidentiary rulings from the previous trial concerning H.T., in which the video recording was admitted.  Absent some glaring issue, it is reasonable to focus appellate claims on matters other than agreements entered into by both parties.

Additionally, while it may have prejudiced Petitioner, it clearly seems relevant, indeed relevant enough to outweigh any prejudicial effect.  It identified

11

him as controlling a camera that recorded H.T. and J.S., the victim in the trial, while they were nude and bathing.  The video corroborates J.S.'s testimony of how Petitioner assaulted her in his house one day when she and H.T. were trying to take a shower together, and was accordingly probative of whether he was guilty. Having reviewed these facts, it seems objectively reasonable for appellate counsel to refrain from raising this abuse of discretion claim.

Whether the claim was frivolous does change whether appellate counsel's performance was objectively reasonable, see Williamson, 183 F.3d at 462; see also Ellis, 873 F.2d at 840, but the fact that the abuse of discretion claim appears so weak further supports the conclusion that counsel's performance was not deficient. Because Petitioner has failed to establish the deficiency prong of Strickland, it is unnecessary to evaluate the prejudice prong.  Green, 160 F.3d at 1035; Amos, 61 F.3d at 348.

Accordingly, it is respectfully recommended that Petitioner did not receive ineffective assistance of counsel.

### 2. Petitioner's Sixth Amendment right to present a complete defense was not violated.

Petitioner claims he was denied the opportunity to present a complete defense at trial.  (D.E. 1, at 7).  Specifically, he claims the court erred by not allowing him to cross-examine Detective David Perkins, a prosecution witness,

12

concerning the outcome of Petitioner's previous trial concerning H.T. after

Detective Perkins created a "false impression" on cross-examination that there was

a victim besides J.S.  (D.E. 5, at 17-19).  Both parties were precluded from

discussing the outcome of that first trial, which was an acquittal, by an order

granting a motion in limine.  Clerk's Record, Vol. I of I, at 34-36, 42.  However,

Petitioner's attorney argued to the court during trial that the door had been opened

to discuss the outcome when the prosecution had discussed facts relating to the

H.T. case and when Detective Perkins testified on cross-examination.  Reporter's

Record, Vol. 3 of 5, at 29-30.

At the beginning of that cross-examination, Petitioner's attorney asked

Detective Perkins, "So was that the first time you had any awareness there might

be a case here?"  Id. at 25.  Detective Perkins responded, "On this victim, yes, sir."

Id.  Petitioner's attorney then asked, "And you say on this what?"  Id.  Detective

Perkins asked in response, "On this particular victim, is that what you're talking

about?"  Id.  "Yes," Petitioner's attorney clarified.  Id.  To which, Detective

Perkins replied, "Yes, sir."  Id.  Petitioner's attorney then waited until after the

prosecution's redirect examination of Detective Perkins to request he be allowed to

cross-examine him regarding the acquittal.  Id. at 29.  The court denied the request,

and Detective Perkins was excused from the stand.  Id. at 30.  Here, Petitioner

claims that Detective Perkins' discussion of "this particular victim" created the "false impression" to the jury that there was a second victim, and that he should have been allowed to elicit from Detective Perkins the fact that he was acquitted of charges concerning H.T. so as to correct this "false impression."  (D.E. 5, at 17-19).

The Fifth Circuit has explained that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."  United States v. Whitfield, 590 F.3d 325, 363 (5th Cir. 2009) (quoting Delaware v. Van Arsdall, 475 U.S. 673 (1986)) (emphasis in original).  A trial judge has discretion to decide the scope of cross-examination, but that discretion "comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment."  United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993) (citation omitted).  "'When cross-examining a witness, the defendant must be permitted to test both the witness's credibility and the witness's knowledge of the facts bearing on the defendant's guilt or innocence.'"  Kittelson v. Dretke, 426 F.3d 306, 320 (5th Cir. 2005) (per curiam) (quoting Sixth Amendment at Trial, 91 GEO. L.J. 584, 593-94 (2003)).  "A defendant does not have an 'unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible,'" id.

(quoting <u>Taylor v. Illinois</u>, 484 U.S. 400, 410 (1988)), "but a restriction on the

defendant's right to introduce testimony may not be arbitrary or disproportionate to

the purpose it is designed to serve."  <u>Id.</u>

   In <u>Kittelson</u>, the Fifth Circuit determined that limiting a defendant from

cross-examining a witness regarding a false impression the witness created may

violate the defendant's constitutional right to confrontation.  <u>See</u> <u>Kittelson</u>, 426

F.3d at 318-21.  Thus, because constitutional interpretation is involved, habeas

review of such a complaint is appropriate.  <u>See</u> <u>id.</u>  Nevertheless, in habeas review,

a petitioner may not prevail on a confrontation claim without first surviving "the

more relaxed harmless error" analysis.  <u>Id.</u> at 319-20 (citing <u>Brecht v. Abrahamson</u>,

507 U.S. 619, 623 (1993) ("establishing habeas harmless error standard that

prohibits relief unless the constitutional error had a 'substantial and injurious effect

reached by the jury' and noting that 'a constitutional trial error is not so harmful as

to entitle a defendant to habeas relief unless there is more than a mere reasonable

possibility that it contributed to the verdict'")).

   The <u>Kittelson</u> petitioner sought habeas review after he was convicted of

indecency with a child by contact.  <u>Id.</u> at 308.  There was no physical evidence and

the only evidence supporting the conviction was the accusation of his alleged

victim.  <u>Id.</u>  Before trial, his girlfriend's daughter had also claimed of being

molested during the same incident as the victim, but she recanted her story almost immediately and claimed she had conjured it. Id. at 310. At trial, the court granted a motion in limine limiting this fact from cross-examination. Id. However, after a police officer testified that he had sent both the victim and the daughter to be interviewed by Child Protective Services, defense counsel argued the officer had created the false impression that both the victim and the daughter had accused the defendant of molestation, and that he should be allowed to question the officer regarding the daughter's recantation. Id. at 311. Nevertheless, the trial court upheld the limitation. Id.

The petitioner filed a habeas petition and upon review, the Fifth Circuit held that he had been denied the opportunity to present a full defense. Id. at 320-21. The court found that the officer's testimony had created a false impression that the daughter was a victim. Additionally, the court concentrated on the fact that the only evidence supporting the conviction was the victim's accusation, the defendant had been prevented from fully cross-examining her and the officer – the prosecution's two "critical" witnesses, and the defendant was prevented from fully examining the daughter, the only witness that could have refuted the victim's allegations. Id. at 320.

Here, Petitioner has similarly claimed that he was prevented from correcting

16

a "false impression" as in <u>Kittelson</u>.  While many of the present facts reflect those

of <u>Kittelson</u>, and a false impression may have been created here as it was in that

case, there are key differences between the two situations.  First, Petitioner's

conviction was based on the accusations of J.S. and the corroborating video

recording whereas there was no physical evidence in <u>Kittelson</u>.  Second,

preventing Petitioner from cross-examining anyone about his previous acquittal did

not limit him from otherwise fully cross-examining the prosecution's key

witnesses.  In <u>Kittelson</u>, that petitioner could have potentially drawn the victim's

allegations – the only evidence – into doubt if there was no limitation by asking her

how the daughter had originally collaborated the allegations but later recanted.

Here, Petitioner's acquittal would not have rebutted J.S.'s testimony, nor would it

have attacked her credibility because, unlike in <u>Kittelson</u>, the Petitioner's alleged

sexual assault of J.S. occurred in a separate incident from the alleged assault of

H.T.  Third, the limitation did not prevent Petitioner from fully cross-examining

any of his witnesses.  Indeed, he called only one – his mother, a character witness

with no direct knowledge of the underlying facts.  Reporter's Record, Vol. 4 of 5,

at 83.  Consequently, this limitation did not impinge on Petitioner's right to present

a defense.

  Moreover, even if the court's limitation had been a constitutional error, it

would have been a harmless one.  If a false impression was indeed created in the mind of the jury, and Petitioner had been allowed to question Detective Perkins regarding the acquittal, the jury would have learned that H.T. had accused Petitioner of molestation in a separate incident, and, furthermore, that she never recanted her claims.  It does not seem that that outcome would have benefitted Petitioner, let alone more so than what actually transpired.  Rather, Petitioner has shown nothing more than a mere reasonable possibility that any error contributed to his conviction.  See Brecht, 507 U.S. at 623.

Accordingly, it is respectfully recommended that Petitioner was not denied the opportunity to present a complete defense.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues

before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 15), be granted, and the petition, (D.E. 1), be dismissed. Furthermore, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 21st day of June 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).